UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERA BIJEDIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 6864 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Vera Bijedic brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for disability insurance benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

Plaintiff filed an application for disability benefits on September 15, 2011, alleging a disability onset date of May 27, 2011. (R. 210.) Plaintiff's application was denied initially on December 8, 2011, and on reconsideration on May 1, 2012. (R. 103-04.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on March 5, 2014. (*See* R. 36-102.) On March 26, 2014, the ALJ denied plaintiff's application. (*See* R. 11-28.) The Appeals Council denied plaintiff's request for review (R. 1-4), leaving the ALJ's decision as the final

---

[1]On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited June 2, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming it if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the

burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged disability onset date of March 31, 2014. (R. 14.) At step two, the ALJ determined that plaintiff has the severe impairments of "depression; anxiety; and diabetes mellitus." (*Id.*) At step three, however, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff retains the residual functional capacity ("RFC") to "perform medium work . . . except the claimant can perform unskilled, simple, and routine work that can be learned in thirty days or less; she should have limited interaction with the public but can answer incidental types of questions; occasional supervision; and should work in a routine and predictable environment." (R. 17.) At step five, the ALJ determined that plaintiff "is able to perform past relevant work as a cleaner/housekeeping" because such work is not precluded by her RFC. (R. 28.) Accordingly, the ALJ concluded that plaintiff is not disabled under the Social Security Act. (*Id.*)

Plaintiff, whose brief is wholly lacking in legal and factual analysis, appears to argue that the ALJ erred in failing to give controlling weight to the opinion of plaintiff's treating physicians, Drs. Guzina and Fayyaz. *See* 20 C.F.R. § 1527(c)(2) (a treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record"). Dr. Guzina submitted a report about plaintiff's physical function on March 9, 2013, less than a month after plaintiff suffered multiple fractures in a car accident. (R. 21, 26.) At that time, Dr. Guzina said plaintiff was "more than 50% reduced in bending, standing,

stooping, climbing, pushing, and pulling; 20-50% reduced in walking; and was up to 20% reduced in sitting, travel (public conveyances), fine/gross manipulation, right/left finger dexterity, and in the ability to perform activities of daily living," and "could not lift more than 10 pounds at a time." (R. 26-27.) The ALJ "accept[ed] this opinion as reflective of [plaintiff's] condition one month after the motor vehicle accident" but said that "the medical records show that claimant was fully recovered [from those injuries] as of September 2013." (R. 27.) Thus, the ALJ concluded that the limitations set forth in Dr. Guzina's report "[were] not representative of [plaintiff's] functioning for the entire period at issue." (R. 27.) The medical evidence fully supports the ALJ's decision to limit Dr. Guzina's opinion to the period in which it was issued. (*See* R. 563-70, 822, 825-73.) Thus, there is no error in the ALJ's assessment of that opinion.

The ALJ's assessment of Dr. Fayyaz's opinions is also supported by the record. The ALJ noted that Dr. Fayyaz saw plaintiff approximately monthly from July 2011 to January 2014, variously diagnosed plaintiff with major depression, PTSD, and anxiety, recommended that plaintiff attend therapy, and prescribed medications for her. (R. 19-23.) Dr. Fayyaz did not, however, opine on the impact, if any, of plaintiff's psychological conditions on her ability to work.

The only opinion on that subject came from the independent psychological expert, Dr. Rozenfeld, who acknowledged Dr. Fayyaz's diagnoses, and testified that:

> [Plaintiff's] mental status examinations reflect mild anxiety and problems with sleep and nightmares but no suicidal/homicidal ideations or hallucinations. [Plaintiff] was observed as alert and cooperative. . . . [Plaintiff] did not meet or equal any listing because there [were] no marked limitations in the B criteria and there was no evidence of psychiatric or even partial hospitalizations and her symptomology does not equate to marked limitations. . . . [Plaintiff] was generally compliant with medications, which generally controlled her symptoms. . . . [Plaintiff] can perform unskilled, simple, and routine tasks and attend and concentrate to complete those types of tasks; only incidental contact with the

>general public but is able to handle co-worker contact and occasional supervisory contact; routine and predictable work setting.

(R. 27.) The ALJ "accord[ed] great weight" to Dr. Rozenfeld's opinion "because [she] had the opportunity to see [plaintiff] in person, review the entirety of the longitudinal record, testif[ied] from a completely neutral and independent position, and render[ed] an opinion well within her expertise that [was] consistent with the medical evidence of record," *id.*, all considerations that are relevant to evaluating opinion testimony. *See* 20 C.F.R. § 404.1527(c). Because there was only one expert opinion about the extent to which plaintiff's mental impairments limit her ability to work, and the ALJ reasonably evaluated it, the Court has no basis for overturning that evaluation.

Plaintiff also challenges the ALJ's credibility findings,[2] specifically that plaintiff's testimony was "vague, evasive, and exaggerated," and that she "appear[ed] to have exaggerated the degree of her understanding of the English language." (R. 24.) An ALJ "is in the best position to determine the credibility of witnesses." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). Thus, the Court will "overturn a credibility determination only if it is patently wrong," *id.*, that is, it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

---

[2]The Commissioner has issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). However, the factors to be considered in evaluating symptoms under either SSR 96-7p or SSR 16-3p are the same. *Compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). Moreover, "the Court is also bound by case law concerning the same regulatory process under the 'credibility' analysis of the former SSR 96-7p." *Farrar v. Colvin*, No. 14 C 6319, 2016 WL 3538827, at *5 (N.D. Ill. June 29, 2016).

That is not the case here. Rather, the ALJ contrasted: (1) plaintiff's demeanor at the hearing and her testimony about her symptoms with that observed and recorded by her doctors in her medical records; and (2) her purportedly limited grasp of English with her understanding of the language demonstrated at the hearing, in her medical records and work history, and by the fact of her naturalized citizenship. (*See* R. 24-26.) In short, the ALJ explained his credibility findings and supported them with significant evidence. Thus, the Court will not set them aside.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [10], grants the Commissioner's motion for summary judgment [14], and affirms the Commissioner's decision denying plaintiff's application for disability benefits. Judgment is entered in favor of the Commissioner and against plaintiff.

**SO ORDERED.**                          **ENTERED: June 2, 2017**

_M. David Weisman_

**M. David Weisman**
**United States Magistrate Judge**